### LYALL et al. v. WOOD.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

1. PLEADING (§ 239*)—AMENDMENTS—CONDITIONS ON GRANTING LEAVE—COSTS.
    The original complaint alleged the sale of a dynamo to defendant by plaintiffs, the action being for the purchase price, and the answer alleged that the dynamo was purchased from a certain company. At trial it appeared that the sale was made under a written contract between defendant and the company, but plaintiffs contended that the company had treated it as plaintiffs' sale, it being made in their territory, and that they had paid the company therefor, and that defendant agreed to pay them. Plaintiffs were nonsuited and brought another action without amendment, when they were again nonsuited, and thereafter they moved to amend by alleging a sale by the company and an assignment by it to plaintiffs, but it was not claimed that they then had any information that they did not have at the other trials and no excuse was given for not then amending. *Held,* that the amendment was allowable only upon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

payment of all costs and disbursements accruing since the original complaint was served, with $10 as costs of the motion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 630, 631; Dec. Dig. § 239.*]

2. PLEADING (§ 236*)—AMENDMENT OF COMPLAINT—TIME FOR AMENDMENT—DISCRETION OF TRIAL COURT.

The amendment was allowable in the trial court's discretion.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

3. PLEADING (§ 239*)—AMENDMENTS—DISCRETION OF LOWER COURT—TERMS.

The terms upon which amendments are allowed rest largely in the discretion of the trial court upon the facts of each case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 626; Dec. Dig. § 239.*]

4. PLEADING (§ 239*)—AMENDMENTS—TERMS—COSTS.

Unless there is some reason to the contrary, where material and substantial amendments are allowed after an unsuccessful trial, the other party should be reimbursed for taxable costs and disbursements made since the pleading amended was served.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 630, 631; Dec. Dig. § 239.*]

Chester and Sewell, JJ., dissenting.

Appeal from Special Term, Brooms County.

Action by Dudley T. Lyall and another against Olin W. Wood. From an order allowing an amendment to the complaint, defendant appealed. Affirmed as modified.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Wagner & Fisher, for appellant.

G. W. & F. W. Youmans, for respondents.

JOHN M. KELLOGG, J.  The complaint alleged a cause of action for the purchase price of a dynamo sold by the plaintiffs to the defendant, and, as a second cause of action, an indebtedness by the defendant to the plaintiffs for money paid and expended for the defendant at his request, and which he agreed to pay.  The answer was a general denial, and an allegation, in substance, that the dynamo was purchased by the defendant of Fairbanks, Morse & Co., was not according to contract, and that there was a failure of consideration. The action was tried in February, 1908, and the plaintiffs were nonsuited as to the first cause of action, and the jury disagreed as to the second cause of action.  It appeared upon the trial that there was a written contract for the sale of the dynamo between the defendant and Fairbanks, Morse & Co., and some days before the Trial Term the defendant served upon the plaintiffs a notice requiring its production.  The plaintiffs contended that as agents for Fairbanks, Morse & Co., the sale being made in their territory, the company treated it as their sale, and they had settled with the company therefor, and defendant had agreed to pay them.

The action was again brought to trial at the May, 1908, term of court with a similar result.  On the 19th day of August, 1908, the mo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion papers were served, and the order appealed from was granted September 1, 1908, permitting an amendment of the first cause of action by alleging a contract of sale by Fairbanks, Morse & Co. to the defendant and an assignment by the company to the plaintiffs. It is not claimed that the plaintiffs now have any different or better information as to the situation than they had at the time of the first and the second trial, and no good reason is alleged why an amendment to the complaint was not then sought. Plaintiffs deliberately took the chances of winning on the pleadings as they were and failed, and now, after two trials, seek to change their position. They deem the amendment necessary, and the result of the trials indicate at least its propriety. The Special Term did not consider the plaintiffs' laches such as to require a denial of the motion, and we are not disposed to interfere with that exercise of discretion. The terms upon which amendments to pleadings are allowed rest to a great extent in the discretion of the court upon the facts of each particular case. Where some reason is not shown moving the discretion of the court otherwise, the rule is well established that, where material and substantial amendments are granted a party after an unsuccessful trial, the other party should be reimbursed for the taxable costs and disbursements made since the pleading to be amended was served. The facts in this case furnish no reason for a departure from the rule.

The order appealed from should therefore be modified by requiring as a condition of the amendment the payment of the costs and disbursements made since the original complaint was served and $10 costs of motion, and, as so amended, such order is affirmed, with costs to the appellant to abide the event. All concur, except CHESTER and SEWELL, JJ., who dissent.